IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE BANK OF NEW YORK MELLON
TRUST COMPANY, NATIONAL ASSOCIATION,
f/k/a/ The Bank of New York Trust Company,
National Association, as trustee for Morgan Stanley
Capital I Inc., Commercial Mortgage Pass-Through
Certificates, Series 2007-IQ14,

                                                          ORDER

                      Plaintiff,

                                            12-cv-377-bbc

       v.

MICHAEL A. BRUSCA,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Bank of New York Mellon Trust Company is suing defendant Michael Brusca for breach of contract.  According to the complaint, defendant guaranteed a loan for more than $6,000,000 in 2007.  When the borrower defaulted and filed for bankruptcy, plaintiff sought to collect the balance from defendant, but defendant failed to pay.  Plaintiff now seeks nearly $10,000,000, which includes the balance, interest, penalties and fees.  Plaintiff has filed a motion for summary judgment, dkt. #8, which defendant has not opposed.

Unfortunately, I cannot address the merits of plaintiff's motion because questions remain about jurisdiction.  Although the parties have not raised this issue, I have an independent obligation to insure that jurisdiction exists.  DeBartolo v. Healthsouth Corp.,

1

569 F.3d 736, 740 (7th Cir. 2009) ("The parties may be content to assume that the district court had jurisdiction to resolve this dispute, but we are not. Subject-matter jurisdiction is not an issue that can be brushed aside or satisfied by agreement between the litigants.").

Plaintiff relies on 28 U.S.C. § 1332 as a basis for jurisdiction. That statute requires diversity of citizenship between the plaintiff and defendant and an amount in controversy greater than $75,000. Although plaintiff's claim far exceeds the $75,000 jurisdictional minimum, diversity of citizenship is less clear.

Because plaintiff is a national banking association, it is a citizen of the state where it is "located." 28 U.S.C.A. § 1348. The Supreme Court has held that an association is "located" in the "the State in which its main office, as set forth in its articles of association, is located." Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006). In its proposed findings of fact, plaintiff says that its main office is in California and it attaches its articles of association, which also list California. Plt.'s PFOF ¶ 1, dkt. #10.

As an individual, defendant is a citizen where he is "domiciled," that is, "the state in which a person intends to live over the long run." Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012). In its proposed findings of fact, plaintiff says that defendant "is an individual with an address [in] Madison, Wisconsin." Plt.'s PFOF ¶ 2, dkt. #10. For support, plaintiff cites its complaint and defendant's answer, which allege and admit the same fact.

This fact is not enough to establish defendant's citizenship. Even if plaintiff's allegation may be construed to mean that defendant has a residence in Wisconsin, the court

2

of appeals has stated time and again that domicile and residency are not the same thing for the purpose of determining diversity jurisdiction under § 1332 and that an allegation of residency is not sufficient.  <u>E.g.</u>, <u>In re Sprint Nextel Corp.</u>, 593 F.3d 669, 674 (7th Cir. 2010) ("[A] court may not draw conclusions about the citizenship of [parties] based on things like their phone numbers and mailing addresses.").  <u>See also</u> <u>Heinen</u>, 671 F.3d at 670; <u>Hukic v. Aurora Loan Services</u>, 588 F.3d 420 (7th Cir. 2009); <u>Camico Mutual Insurance Co. v. Citizens Bank</u>, 474 F.3d 989, 992 (7th Cir. 2007); <u>McMahon v. Bunn-O-Matic Corp.</u>, 150 F.3d 651, 653 (7th Cir. 1998); <u>Macken ex rel. Macken v. Jensen</u>, 333 F.3d 797, 799 (7th Cir. 2003).

Until plaintiff establishes defendant's domicile, I cannot exercise jurisdiction over this case.  Accordingly, I will give plaintiff an opportunity to supplement the record with the necessary evidence.  A stipulation from defendant would be sufficient, but if defendant refuses to cooperate, plaintiff will have to submit circumstantial evidence of defendant's domicile.  <u>E.g.</u>, <u>Muscarello v. Ogle County Bd. of Commissioners</u>, 610 F.3d 416, 424 (7th Cir. 2010) (identifying evidence that may be relevant to determining domicile); <u>Craig v. Ontario Corp.</u>, 543 F.3d 872, 876 (7th Cir. 2008) (same).

ORDER

IT IS ORDERED that plaintiff Bank of New York Mellon Trust Company may have until December 28, 2012, to submit evidence demonstrating defendant Michael Brusca's domicile.  If plaintiff does not respond by that date, I will dismiss the case for lack of subject

3

matter jurisdiction.

Entered this 18th day of December, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4